UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT K. DECKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:18-cv-00249-JMS-MJD |
| J. E. KRUEGER, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On June 1, 2018, petitioner Robert K. Decker filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding that commenced with Incident Report No. 3019959. As directed, the respondent filed an amended return to order to show cause on October 11, 2018, dkt. 19, and Mr. Decker replied on November 30, 2018, dkt. 22, and January 8, 2019, dkt. 25.

For the reasons explained in this Entry, Mr. Decker's habeas petition must be **denied**.

**A.     Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Jones,* 637 F.3d at 845.

B. **The Disciplinary Proceeding Regarding Incident Report 3019959**

Officer D. Clark prepared Incident Report No. 3019959 on August 9, 2017, charging Mr. Decker with a violation of Code 297, Phone Abuse. The Incident Report stated as follows:

> On 8/9/17, at 12:24 p.m., I was in A1 unit looking for an inmate when I observed inmate Decker, Robert, reg. no. #51719-074, using the telephone in A-1. Inmate Decker lost his phone privileges due to being a Public Safety Factor of Phone Abuse. After observing him on the phone, I then went to my office and pulled up TruLinks and listened to phone calls around the time I saw him on the phone. I heard his voice on a phone call listed to inmate [redacted]. During this phone call, he asked the person he was talking to to place a 3-way call to another phone number, [redacted] who he stated was his wife [redacted]. That phone number is listed on Inmate [redacted] account also. The phone number he called was [redacted] and is listed as friend as the relationship. The phone call was from 12:22 to 12:25 pm.

Dkt. 19-4 at 1.

The Incident Report was delivered to Mr. Decker and he was verbally advised of his rights on August 9, 2017. *Id.* The Unit Disciplinary Committee referred the charge to the Discipline Hearing Officer (DHO) due to the severity of the charge. *Id.* Mr. Decker signed the Inmate Rights at Discipline Hearing form and the Notice of Discipline Hearing Before the DHO on August 14, 2017. Dkt. 19-5 at 4, 5.

On September 7, 2017, DHO Bradley held an Institution Discipline Hearing for Incident Report No. 3019959. Mr. Decker was verbally advised of his rights, was offered a staff representative, and was also advised he could request witnesses. He requested a staff representative, and one was appointed. Mr. Decker called no witnesses. Dkt. 19-5 at 1. Mr. Decker stated to the investigating lieutenant, "I went around the system because I was supposed to come off phone restriction and they have not removed me from the restriction list. I tried to talk to unit

team and they blew me off. I am going to do what I need to do." Dkt. 19-5 at 2. At the hearing, Mr. Decker stated, "I should [sic] been off phone restriction. No one would let me use the phone. I don't care what you do I'm going to keep using other inmate's phone." Dkt. 19-5 at 1.

At that hearing, the DHO found that Mr. Decker had violated Code 297, Phone Abuse, and the following disciplinary sanctions were imposed: disallowance of 27 days good time credit, 90 days loss of visitation, and a $25.00 monetary fine. Dkt. 19-5 at 3. The findings were based on the following evidence: the Incident Report, staff memorandum, Mr. Decker's own statements, and his disciplinary history of phone abuse. Dkt. 19-5 at 2. The DHO issued the report on October 13, 2017, and it was delivered to Mr. Decker on October 19, 2017. *Id.* at 3.

### C. Analysis

Mr. Decker argues that his due process rights were violated during the disciplinary proceedings. His claims are construed as follows: 1) he was sanctioned twice for one incident; 2) he was fined in violation of his equal protection rights because inmates who do not have money in their trust fund accounts are not fined; 3) he was charged in retaliation for filing grievances; and 4) the fine was taken all at once from his trust fund account, rather than 20% at a time. Dkt. 1 at 6-7.

#### 1. Claim 1 - Sanctioned Twice

Contrary to Mr. Decker's allegation that he was sanctioned twice for the same conduct, the record demonstrates that he committed the offense of Phone Abuse on two different dates, August 6 and August 9, 2017, and two different Incident Reports were written. Therefore, he was not improperly sanctioned twice for a single rule violation. Dkt. 19-1 at ¶ 13; dkt. 19-5.

### 2. Claims 2 and 3 – Equal Protection and Retaliation

The respondent did not address Mr. Decker's equal protection or retaliation claims. The Court finds, however, that both claims lack merit.

The due process clause of the Fourteenth Amendment is the constitutional provision that governs the loss of earned credit time. Any equal protection claim falls outside the scope of this action. If the remedy for a claim would not affect the duration of confinement, then it is not properly brought in a habeas action. *See Muhammad v. Close,* 540 U.S. 749, 750-52 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

Even if an equal protection claim could be raised in this habeas action, Mr. Decker would have to "show that he was a member of a protected class and that he was treated differently from a similarly situated member of an unprotected class" and that "the defendants were motivated by a discriminatory purpose." *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (internal quotation omitted); *see also Greer v. Amesqua,* 212 F.3d 358, 370 (7th Cir. 2000) (same). Mr. Decker did not present any evidence of different treatment, nor can he show a denial of equal protection because the fact that he has money in his trust fund account does not place him in a "protected" class. Mr. Decker's equal protection claim fails for both these reasons.

With respect to any retaliation claim, the motivation for writing an Incident Report is irrelevant if the due process requirements under *Hill* are satisfied. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but ... even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999) ("[A]s long as

procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). This claim fails.

3. **Claim 4 – Fine**

Mr. Decker alleges that the BOP should have only been allowed to deduct 20% of his trust fund account at a time. Instead, the entire $25.00 fine was taken from his account which left it in a negative balance. To the extent Mr. Decker is referring to the statutory provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), that statute applies only to filing fees in civil rights actions, not the circumstances presented in this case. Moreover, the fine imposed in this action did not exceed that allowed by BOP regulations. *See* 28 U.S.C. § 541.3. This claim fails.

D. **Conclusion**

Mr. Decker was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Decker's due process rights.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Decker to the relief he seeks. Accordingly, Mr. Decker's petition for a writ of habeas corpus relating to Report No. 3019959 must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/30/2019

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov